UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
XIA CHEN,

                           Plaintiff,                            **ORDER**
                                                                  CV 15-6206 (JMA) (AYS)
                      -against-

MARVEL FOOD SERVICES, LLC et al.,

                           Defendants.
------------------------------------------------------------X
**ANNE Y. SHIELDS, Magistrate Judge:**

      Plaintiff Xian Chen ("Plaintiff") commenced this action on October 29, 2015. DE 1. On October 30, 2016, Plaintiff filed an amended complaint, on behalf of herself and others similarly situated. The amended complaint asserts violations of the Federal Fair Labor Standards Act and the New York Labor Law, as well as claims of discrimination in violation of state and federal laws, and a claim of retaliation under federal law. DE 4. Presently before the Court is Defendant's motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure, seeking the imposition of sanctions for Plaintiff's actions in connection with a settlement conference this Court held, pursuant to notice, on October 20, 2016. See DE 29. Also before the Court is Plaintiff's motion to Strike Defendant's motion for sanctions. DE 31. For the reasons discussed below, this Court grants Defendant's motion for sanctions, and denies Plaintiff's motion to strike.

BACKGROUND

I.     Procedural History

      This case was commenced in October of 2015. See DE 1. On January 28, 2016, this Court held an Initial Conference. See DE 20. At the Initial Conference, counsel were provided with this Court's discovery protocols to be used in FLSA cases. This Court instructed the parties

to complete specific discovery within thirty days of the conference, and further instructed both parties to submit a joint status letter indicating whether it would be fruitful for the Court to hold a settlement conference or a status conference. DE 20. Counsel failed to communicate with the Court as directed, and on August 4, 2016, this Court scheduled an in person status conference for August 22, 2016. See Electronic Order dated August 4, 2016. Counsel requested, and were granted, two adjournments. This Court thereafter held a status conference on September 8, 2016, at which time the parties were directed to exchange all written discovery by September 22, 2016. At the same time, a settlement conference was scheduled for October 20, 2016. DE 24. This Court specifically instructed Counsel to comply with this Court's rules regarding settlement conferences. Id. Such rules specifically require Plaintiff's Counsel to communicate a written offer to Defendant's Counsel at least fourteen days prior to the settlement conference. See Individual Practice Rules of Magistrate Judge Anne Y. Shields, Section VIII (available via this Court's website and provided to all counsel appearing before this Court) (the "Court Rules of Practice").

On September 30, 2016, Plaintiff's Counsel filed a motion to compel Defendants to respond to Plaintiff's discovery demand. DE 25. That motion was granted as unopposed. See Electronic Order dated October 13, 2016. Defendants' attorney advised the Court that he responded to Plaintiff's demand on October 11, 2016. DE 27.

On October 20, 2016, counsel and all parties appeared for the settlement conference. Importantly, parties with authority appeared as required by this Court's rules. Upon calling the case, the Court was informed that Plaintiff's attorney had doubled his demand to defense counsel immediately before the settlement conference was scheduled to take place. When Plaintiff's Counsel was questioned, he admitted to doubling the offer, which he stated was based upon that

day's re-evaluation of his client's case. Defense Counsel, who relied upon the demand communicated to him prior to the conference, explained his client was only authorized to negotiate up to the amount that Plaintiff had previously demanded. Therefore, although the parties to the case were both present, the Court could not proceed with the settlement conference. Defense Counsel noted that his client had taken time off from an otherwise busy schedule to prepare for and attend the settlement conference. In view of the fact that Plaintiff's last-minute doubling of his demand for settlement effectively stymied any negotiation, Defense counsel requested permission to move for sanctions based upon Plaintiff's last minute change to the demand. This Court granted Defendants' request to so move.

Defendants timely moved for sanctions. Plaintiff did not file opposition, but instead moved to strike Defendants' motion.

## DISPOSITION OF THE MOTION

I.    The Parties' Positions

Relying on the conduct described above, Defendants assert that Plaintiff should be sanctioned under Rule 37. In short, it is Defense Counsel's position that Plaintiff's conduct resulted in a waste of both his and his client's time. Defense counsel states it is difficult to determine the exact value of his client's missed hours at work. He therefore seeks sanctions measured by the value of his wasted time in the amount of $1,000.00, which constitutes his billable time for the day. Defendants assert that the requested sanction is reasonable in light of Plaintiff's unjustified conduct. DE 29.

Plaintiff's counsel does not offer any justification for doubling his demand immediately prior to the settlement conference, and has not offered any explanation for his conduct other than his alleged reevaluation of the value of his client's case just prior to the conference. Plaintiff

offers no written opposition to the sanctions motion. Instead, he has cross-moved to strike Defendants' motion. The cross-motion argues that the sanctions motion must be struck on the ground that is "contains the actual specific amount demanded by Plaintiff in Plaintiff's ex parte letter to the Court (Docket 26)" as well as "the actual specific sum of Plaintiff's revised demand expressed off the record at the settlement conference held on October 21, 2016." DE 31

II. Legal Principles

Rule 16 of the Federal Rules of Civil Procedure ("Rule 16") authorizes a federal court to "order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as ... expediting disposition of the action [or] facilitating settlement." Fed. R. Civ. P. 16(a)(1), (a)(5). Mandatory attendance at such conferences is not, however, limited to attorneys and pro se litigants, as the Rule further provides that, where appropriate, "the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement." Rule 16(c)(1); see also 28 U.S.C. § 473(b)(5) (discussing mandatory appearance of representative with binding authority at settlement conferences). Even before this Rule was amended to specify that a district court had the authority to direct a party to be present, at least one Circuit decision held that a magistrate judge had the authority to order corporate representatives to attend a settlement conference. See G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 656 (7th Cir.1989) ("the court properly sanctioned Oat Corporation pursuant to Rule 16(f) for failing to send a corporate representative to the settlement conference.").

Rule 16 provides enforcement mechanisms to help ensure compliance with these procedures. For example, the court is empowered to issue "any just orders," including the full range of remedies specified under Rule 37(b)(2)(A)(ii)-(vii), "if a party or its attorney ... fails to

appear at a scheduling or other pretrial conference [or] is substantially unprepared to participate—or does not participate in good faith—in the conference[.]" Rule 16(f)(1); see also, e.g., Uretsky v. Acme Am. Repairs, 2011 WL 1131326, at *1 (E.D.N.Y. 2011) (awarding sanctions where "[o]ne of [defendant's principals] failed to appear, undermining the purpose of the conference and the orderly progress of the case"). Under Rule 16, the specified remedies include significant sanctions, including striking pleadings, dismissal, entry of a default judgment and contempt of court. See Rule 37(b)(2)(A)(ii)-(vii). In addition to authorizing these discretionary remedies, Rule 16 requires that a district court

> must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Rule 16(f)(2).

28 U.S.C. §§ 636(b)(1)(A) empowers magistrate judges "to hear and determine any pretrial matter pending before the court," with the exception of eight specifically enumerated types of motions which are not relevant here. Because sanctions pursuant to Rule 16(f) fall within the scope of pretrial matters, magistrate judges are well within their authority to impose such sanctions. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990) ("[m]onetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard."); see also Grenion v. Farmers Ins. Exch., 2014 WL 1284635, at *4 (E.D.N.Y. 2014).

In addition, Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure provides that, instead of or in addition to imposing sanctions for a party's failure to comply with a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the

5

reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). While the Second Circuit has never explicitly held that the payment of expenses pursuant to Rule 37(b)(2)(C) is mandatory, it is clear that the burden is on the violator of a discovery order to show that there was a substantial justification for the violation, or that circumstances would make an award of reasonable expenses unjust. See Novak v. Wolpoff & Abramson LLP, 536 F.3d 175, 178 (2d Cir. 2008); Commodity Futures Trading Comm'n v. Royal Bank of Canada, 2014 WL 1259773, at *1 (S.D.N.Y. 2014); see also Ingenieria Esterella, S.A. v. Morisseau, 2015 WL 5794334, at *3 (E.D.N.Y. 2015).

With these standards in mind the court turns to the merits of the cross-motions, beginning with Plaintiff's motion to strike.

III. Plaintiff's Motion to Strike is Denied

Plaintiff asserts that the Court should strike Defendants' motion for sanctions. She asserts that the motion reveals confidential information that was exchanged during the settlement conference and contained in the Plaintiff's ex parte letter submitted to the Court. DE 31. In support of her motion, Plaintiff points to this District's Dispute Resolution Procedures, which state that "[c]onfidentiality is maintained at the conference, which fosters frank, open discussions." See https://img.nyed.uscourts.gov/files/forms/DisputeResolutionProcedures.pdf. Plaintiff maintains that the Defendants' inclusion of the demand amounts in the sanctions motion violated the aforementioned confidentiality rule. Plaintiff's arguments are unpersuasive.

First, Defendants' motion states the amount Plaintiff first demanded from Defendant, and then the increased amount as communicated to Defendant just prior to the conference. As such, none of the amounts stated by Defendants in his motion were learned by Defendants at the

6

settlement conference, or by reviewing the Plaintiff's ex parte letter to the Court. Indeed, the Court never disclosed Plaintiff's letter to Defendants.

Second, Plaintiff reasons that Defendants' motion should be stricken from the docket "to avoid undermining and to preserve the good faith nature, confidentiality and integrity of the settlement proceedings between both parties going forward." DE 31. However, the Court reminds Plaintiff that this action was commenced, at least in part, pursuant to the Fair Labor Standards Act. Although the settlement proceedings may be confidential, the amount the case settles for may not be shielded from public disclosure. Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). As such, the fact that Defendants disclosed the amounts Plaintiff demanded will not undermine "the good faith nature, confidentiality and integrity of the settlement proceedings."

For the foregoing reasons, the Court finds no basis to strike Defendants' Motion for sanctions. Accordingly, Plaintiff's motion to strike, appearing as Docket No. 31, is denied.

IV. Defendants' Motion for Sanctions is Granted

The Court must determine whether the doubling of Plaintiff's demand on Defendants minutes before the settlement conference was to commence constitutes good faith compliance with this Court's rules and orders, and if Plaintiff's counsel participated in good faith at the settlement conference. The Court answers both questions in the negative.

This Court's Practice Rules require that prior to "any settlement conference the parties must exchange a demand and offer." See Court Rules of Practice at ¶ VIII(A). The demand must explain the reason why the demand is appropriate and reference any mathematical calculation used to support the demand. Id. Parties are also required to submit an ex parte settlement statement to the Court prior to the conference. The settlement statement shall set forth the current

demand and offer, and specify the terms under which the party is willing to settle the matter, and state whether the terms are negotiable. Id. On the day of the settlement conference, parties and/or insurers with authority to settle must attend the settlement conference. Id. When scheduling the settlement conference, this Court specifically directed Counsel to comply with its rules. See Minute Order dated September 8, 2016.

This Court requires counsel to follow the clear steps outlined in its Practice Rules to ensure that a meaningful settlement conference will take place. This is especially important since both counsel and client with authority are required to appear, in person, at the settlement conference. To ensure a meaningful dialogue and negotiation, the defendant party with authority to settle have knowledge of Plaintiff's demand. Based upon the offer and demand, parties may can make a determination as to whether a settlement conference would, indeed, be fruitful, and if so, come to the conference prepared to meaningfully engage in the settlement conference. Where, as here, the demand is suddenly changed, the defending party may not have the required authority. Under such circumstances, "the whole purpose of the settlement conference is lost, and the result is an even greater expenditure of the parties' resources, both time and money, for naught." Dvorak v. Shibata, 123 F.R.D. 608, 610 (D. Neb. 1988).

Here, Plaintiff's demand, as communicated to counsel, turned out to be of benefit to neither opposing counsel nor the Court. That is because just minutes before the settlement conference began, he doubled the offer that he conveyed to both Defense Counsel and changed the dollar amount that he had advised the Court he would accept. When asked for an explanation, counsel offered no justification, other than that he re-evaluated his case and found the number he conveyed to Defense Counsel to be too low. Indeed, he did not base the increase in his demand on a calculation error or a recently realized fact. Plaintiff's last minute change to his demand

defeated the purpose of this Court's pre-settlement procedures. This conduct cannot be considered good faith compliance with this Court's Practice Rules or the orders in this matter. Indeed, Plaintiff's last minute unjustified "surprise" rendered both parties "substantially unprepared to participate in the conference." Rule 16(f). As Plaintiff's counsel offered no reasonable justification for his conduct, the Court finds he did not participate in good faith at the settlement conference.

This case is similar to Grenion. There, the Court scheduled a settlement conference, requiring that parties with authority attend. At the conference, the Court learned that defendant had come to the conference with authority of "zero." Grenion, 2014 WL 1284635, at *2. The court found that such conduct constituted bad faith. Id. at 7. It reasoned that "the defendant, through its unilateral actions, rendered the conference superfluous," and that defendant's "efforts undermined the Court's process, imposing unnecessary costs upon its adversary and wasting the resources of the Court." Id. Although Plaintiff's attorney in the instant action may have appeared with authority, his conduct nevertheless rendered the settlement conference superfluous. Indeed, the conduct of Plaintiff's counsel resulted in "undermining the Court's process and imposing unnecessary costs upon [Plaintiff's] adversary and wasting the resources of the Court." Id. Furthermore, Plaintiff's attorney has failed to proffer any justification for the violation, or a showing that circumstances would make an award of reasonable expenses unjust. Accordingly, the Court finds that Plaintiff acted in bad faith, and an award of sanctions is appropriate under 16(f).

## Fees and Costs

Upon a finding that a party failed to participate in a settlement in good faith, Rule 16(f)(2) requires the imposition of fees and costs upon "the party, its attorney, or both." Here, it

is clear that Plaintiff's counsel should be held responsible. Indeed, at the settlement conference he stated that the reason for the increase in his demand was based on his re-evaluation of the case. Thus, the Court imposes sanctions upon Plaintiff's counsel.

Importantly, an award under Rule 16(f)(2) may be made "only for reasonable expenses incurred because of noncompliance with this rule." Mahoney v. Yamaha Motor Corp. U.S.A., 290 F.R.D. 363, 371 (E.D.N.Y. 2013). In its motion for sanctions, Defendants request $1,000.00 to cover his fees for the day. Although Defense Counsel did not submit detailed billing records, it is without question that he appeared at the conference, prepared for the conference, and traveled to and from the conference. In fact, in the motion for sanctions, Defense Counsel states that because of Plaintiff counsel's conduct, both he and his client lost a day of work. Since preparation and travel to and from this courthouse, as well as attendance at the conference likely took at least 2-3 hours of counsel's time, this Court finds the request of $1,000.00 to reflect a reasonable, and indeed conservative request for expenses incurred as a result of Plaintiff's noncompliance with Rule 16(f). See Sanchez v. Viva Nail N.Y. Inc., 2015 WL 77514, at *3 (E.D.N.Y. 2015) (finding that rates between $200.00 and $375.00 per hour are reasonable in this district).

## Conclusion

For the foregoing reasons, this Court denies the motion appearing at Docket Entry 31 herein and grants the motion appearing as Docket Entry 29. With respect to the latter motion, the Court sanctions Plaintiff's counsel in the amount of $1,000.00, such amount reflecting Defense counsel's reasonable expenses for fees incurred in connection with his attendance and preparation for the aborted settlement conference.

Dated: November 21, 2016

Central Islip, New York

                          **SO ORDERED:**

                          /s/ Anne Y. Shields
                          Anne Y. Shields
                          United States Magistrate Judge