UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
XIA CHEN,                                                              <u>For Online Publication Only</u>

                                                      Plaintiff,        **<u>ORDER</u>**
                                                                        15-CV-06206 (JMA) (AYS)

                      -against-

MARVEL FOOD SERVICES LLC  d/b/a Nisen 110,
JASON LEVY and JUAN CARLOS SANCHEZ

                                                      Defendants.
----------------------------------------------------------------------X
**AZRACK, United States District Judge:**

        On October 29, 2015, Plaintiff Xia Chen ("Plaintiff") commenced this action against her

former employer Defendant Marvel Food Services d/b/a Nisen 110 ("Corporate Defendant"),

Thomas Gisbert, Jason Levy and Juan Carlos Sanchez asserting claims under the Fair Labor

Standards Act ("FLSA") and the New York Labor Law ("NYLL").  (ECF No. 1, "Compl.")

        Presently before the Court is Plaintiff's motion for a default judgment against the Corporate

Defendant and Defendants Levy and Sanchez pursuant to Federal Rule of Civil Procedure

55(b)(2).[1]  (ECF No. 173.)  For the following reasons, the Court grants Plaintiff's motion and

awards Plaintiff damages as described below.

## I.  DISCUSSION

### A.  <u>Defendants Defaulted</u>

        Defendants were properly served in this action.  (ECF Nos. 9-12.)  On November 30, 2015,

Jeffery S. Ettenger, Esq. entered a notice of appearance on behalf of all of the Defendants.  (ECF

No. 13.)  Defendants filed their Verified Answer on December 16, 2015.  (ECF No. 16.)  On

September 25, 2017, defense counsel sought leave from the Court to withdraw from representing

Defendant Jason Levy due to a conflict of interest, which the Court granted on October 5, 2017.

---

[1] On April 7, 2022, following trial, a jury returned a verdict in favor of Defendant Gisbert.  (ECF No. 169.)

(ECF No. 44; Electronic Order dated October 5, 2017.)   On August 17, 2018, defense counsel filed a letter motion to withdraw from representing the remaining Defendants, which the Court granted January 8, 2019.  (ECF No. 57.) On August 30, 2021, the Court granted Plaintiff's motion and found that a default judgment as to liability was warranted, but reserved decision as to damages until trial.  (ECF No. 102.)

**B.  Liability**

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law.  Id.  Here, those requirements are met.

**1.  Liability under FLSA and NYLL**

The Court finds that the well-pleaded allegations in the Complaint meet the jurisdictional prerequisites of the relevant FLSA and NYLL provisions.  See 29 U.S.C. §§ 206(a), 207(a)(1); NYLL §§ 2, 190 to 199-A; see Guerrero v. Danny's Furniture Inc., No. 19-CV-7284, 2021 WL 4155124, at *2 (S.D.N.Y. Sept. 13, 2021).  The Court further finds that the Complaint's allegations constitute violations of the minimum wage and overtime provisions of the FLSA, see 29 U.S.C. §§ 206(a), 207(a)(1), 255(a), and of the minimum wage, overtime, wage notice, and wage statement provisions of the NYLL, see NYLL §§ 190 to 199-A, 650, 652(1), 663, 195(1), 195(3). See Guerrero, 2021 WL 4155124, at *2.

**2.  Liability under Title VII and NYSHRL**

The Complaint also asserts claims for gender discrimination  and retaliation in violation of Title VII and NYSHRL.  (See, generally, ECF No. 1.) The Court finds that the Corporate Defendant is a "covered employer" by the provisions of Title VII and NYSHRL.  See 42 U.S.C. §

2

2000e(b); N.Y. Exec. L. § 292.5. The Court further finds that Plaintiff's allegations in her Complaint are sufficient to state a claim for gender discrimination and retaliation.[2] See Torres v. Pisano, 116 F.3d 625, 629 n.1 (2d Cir. 1997), accord Pryor v. Jaffe & Asher, LLP, 992 F. Supp. 2d 252, 256 (S.D.N.Y. Jan. 15, 2014); see also Antoine v. Brooklyn Maids 26, Inc., 489 F. Supp. 3d 68, 105 (E.D.N.Y. 2020);  Brito v. Marina's Bakery Corp., No. 19-CV-00828, 2022 WL 875099, at *13 (E.D.N.Y. Mar. 24, 2022)

## C. **Damages**

"[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff now requests an award of monetary damages in the amount of $156,845.01 plus prejudgment interest against the remaining Defendants, jointly and severally, for violations of the FLSA, NYLL, Title VII, and NYSHRL.[3]   (ECF No. 173-1, ("Troy Aff.") ¶¶ 26, 52.)

### 1.  **NYLL Damages**

Plaintiff only seeks damages for her wage-and-hour claims under NYLL.[4]  (ECF No. 173-

---

[2] Plaintiff's claims of sexual harassment and hostile work environment fall under her Title VII and NYSHRL sex/gender discrimination claims.
[3] The Court notes that Mr. Troy's declaration indicates the award is sought pursuant to "NYCHRL." However, the Court presumes this to be a typographical error given Plaintiff has not asserted a NYCHRL claim in this action.
[4] While Plaintiff has brought wage-and-hour claims under both the FLSA and NYLL, she concedes that she is only entitled to relief under whichever statute provides greater relief.  (ECF No. 173-5 at 24.)  See Romero v. Rung Charoen Sub, Inc., No. 16-cv-01239, 2017 WL 4480758, at *30 (E.D.N.Y. Sep. 30, 2017).

3

5, ("Pl's Mot.") at 24.) Plaintiff's counsel has submitted a sworn statement by Plaintiff with best estimates of the days of the week and hours worked. (ECF No. 173-2.) The Court accepts these as best estimates. Accordingly, the Court finds that the submissions in Plaintiff's motion for default judgment establish the following damages to a reasonable certainty:

      i.    $2,830.32 as to unpaid wages

     ii.    $6,887.32 as to liquidated damages

   iii.    $900.00 as to wage statement damages

   iv.    $1,800.00 as to wage notice damages

(See ECF No. 173-3.) The Court also awards Plaintiff prejudgment interest of 9 percent per annum under NYLL from the midpoint of her employment from June 2014 to October 2014. "Under the NYLL [] prejudgment interest may be awarded pursuant to the New York Civil Practice Laws and Rules ("NYCPLR") in addition to liquidated damages." Begum v. Ariba Disc., Inc., No. 12-CV-6620, 2015 WL 223780, at *3 (S.D.N.Y. Jan. 16, 2015) (citing Reilly v. Natwest Markets Grp. Inc., 181 F.3d 253, 265 (2d Cir. 1999)). Prejudgment interest is applied against compensatory damages only. See NYCPLR §§ 5001, 5004; Reilly, 181 F.3d at 265. However, prejudgment interest is not available for violations of the wage statement or wage notice provisions. See NYLL § 198(1-b), (1-d); see also Salustio v. 106 Columbia Deli Corp., 264 F. Supp. 3d 540, 557 (S.D.N.Y. 2017).

**2. NYSHRL Damages**

Under the NYSHRL a plaintiff is generally — but not automatically — entitled to an award of back pay from the date of termination to the date of the judgment. DeCurtis v. Upward Bound Int'l, Inc., No. 09-CV-5378, 2011 WL 4549412, at *3 (S.D.N.Y. 2011); see also Antoine, 489 F. Supp. 3d 68, at 92. As a victim of employment discrimination, a plaintiff is "entitled to reasonable damages that would make the plaintiff 'whole for injuries suffered on account of unlawful

4

employment discrimination.'" Id. (quoting Moore v. Houlihan's Restaurant, Inc., No. 07-CV-3129, 2011 WL 2470023, at *4 (E.D.N.Y. May 10, 2011)).  The NYSHRL does not cap the amount that may be awarded for compensatory damages for pecuniary loss or pain and suffering.  Moore, 2011 WL 2470023, at *4.  However, the NYSHRL still requires a plaintiff to mitigate their damages by seeking and accepting alternative employment.  Id. at *5 (citing Lightfoot v. Union Carbide Corp., 110 F.3d 898, 908 (2d Cir. 1997)).  "A discharged employee 'must use reasonable diligence in finding other suitable employment,' which need not be comparable to their previous positions." Id. (quoting Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 54 (2d Cir. 1998).

Here, Plaintiff seeks economic damages in the amount of $140,370.37 under NYSHRL for back pay.  (Troy Aff. ¶ 49.)  As a threshold matter, in reviewing Plaintiff's submission, the Court notes that Plaintiff was not forthcoming regarding the current operational status of her former employer Nisen 110, which according to some news reports has been permanently closed since around December 2015, well before Plaintiff's instant motion.[5]

To clarify this issue, the Court issued an order directing Plaintiff to advise as to the current operational status of Nisen 110.  (See Electronic Order dated Aug. 29, 2022.)  In response, Plaintiff conceded that the restaurant has been closed for some time albeit at a later date than suggested in public news reports.[6]  (ECF No. 174.)  Because the Court finds Plaintiff's employment would have

---

[5] It is well-established that a court may take judicial notice of the fact of the publication.  See, e.g., Garber v. Legg Mason, Inc., 537 F. Supp. 2d 597, 612 & n.4 (S.D.N.Y. 2008) (taking judicial notice of several news articles, including magazines and noting that the court "may take judicial notice of newspaper articles for the fact of their publication") (quoting In re Merrill Lynch & Co., 289 F. Supp. 2d 416, 425 n.15 (S.D.N.Y. 2003)), aff'd, 347 F. App'x 665, 669 (2d Cir. 2009) (Federal Rule of Evidence 201(c) provides that "[a] court may take judicial notice, whether requested or not.").

See also Belyea v. City of Glen Cove, No. 20-CV-5675, 2022 WL 3586559, at *6 (E.D.N.Y. Aug. 22, 2022); Mike v. Drug Enforcement Admin., No. 19-CV-5407, 2022 WL 992528, at *4 n.11 (E.D.N.Y. Mar. 31, 2022) ("[T]he [c]ourt takes judicial notice of the fact of the publication . . . in USA Today.").

[6] In response to the Court's Order, Plaintiff advised that Defendant Marvel Food Services LLC operated under various doing-business-as names from about February 6, 2013 through about March 28, 2016. From April 8, 2013 through April 19, 2015, the period during which the incidents giving rise to this lawsuit took place, it was doing business as "Nisen 110." From April 20, 2015 to the present, it had been doing business as "Kenta." "Kenta" ceased actively operating as a restaurant in about March 28, 2016.  (ECF No. 174.)

likely terminated due to the restaurant's closure, the Court declines to award damages beyond December 2015. See Frazier v. Exide Techs., No. 11-CV-1863, 2016 WL 6600262, at *15 (E.D. Pa. Nov. 8, 2016) (collecting cases and noting that "a plaintiff's back pay award should be limited to the period in which the defendant employer remains in operation."); see also Helbling v. Unclaimed Salvage & Freight Co., 489 F.Supp. 956, 963 (E.D. Pa. 1980) (holding that back pay award was appropriate only for period from termination to the closing of the store where plaintiff worked, i.e. "the period it can be assumed she would have held the job to which she was entitled"). Having reviewed Plaintiff's calculations, the Court awards Plaintiff back pay in the amount of $13,961.91.

### 3. Emotional Distress Damages

"For 'garden variety' emotional distress claims, where plaintiff 'did not seek medical treatment but [] the evidence in the form of plaintiff's testimony describes shock, nightmares, sleeplessness, humiliation, and other subjective distress, courts have awarded damages ranging from $5,000 to $35,000." Antoine, 489 F. Supp. 3d at 96.

Here, the Court finds an award of $15,000 appropriate for Plaintiff's garden variety damages. See, e.g., Munson v. Diamond, No. 15-CV-00425, 2017 WL 4863096 (E.D.N.Y. June 1, 2017) (plaintiff employed for only two months awarded $15,000 in emotional distress damages).

### D. Attorney's Fees and Costs

As a prevailing party, Plaintiff is entitled to attorney's fees and costs under both statutes. See 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198, 663(1). District courts have "considerable discretion in determining what constitutes reasonable attorney's fees in a given case." Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008). When exercising their discretion to determine the reasonableness of attorney's fees, courts in this circuit use the "presumptively reasonable fee" standard. Arbor Hill Concerned Citizens Neighborhood Ass'n v.

6

Cnty. of Albany, 522 F.3d 183, 190 (2d Cir. 2008).  The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).

An application for attorney's fees must be supported "by accurate, detailed, and contemporaneous time records."  Labarbera v. ASTC Labs., Inc., 752 F. Supp. 2d 263, 277 (E.D.N.Y. 2010).  The "critical inquiry" to determine the reasonableness of the hours spent on the litigation is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992).  The court may exclude those hours that it finds excessive, redundant, or otherwise unnecessary.  See Gordon v. Site 16/17 Dev., LLC, No. 11-CV-427, 2011 WL 3251520, at *6 (S.D.N.Y. July 28, 2011).  To assist the court in determining the proper fee, "the burden is on the fee applicant to produce satisfactory evidence — in addition to the attorney's own affidavits — that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Lin v. Joe Japanese Buffet Rest. Inc., No. 17-CV-3435, 2022 WL 2718584, at *4 (E.D.N.Y. June 7, 2022), report and recommendation adopted, 2022 WL 2716487 (E.D.N.Y. July 13, 2022) (internal citations omitted).

In this case, Plaintiff requests an award of attorney's fees and costs in the amount of $92,400.62 for the services provided by Troy Law, PLLC.  (Troy Decl. ¶ 52.)  In support of that amount, Plaintiff's counsel, John Troy, Esq. submitted a declaration and billing sheet providing a "breakdown of attorneys' fees and costs." (Id.) The Court finds these fees excessive and unsupported, and, for the reasons stated below, accordingly adopts the approach of other district courts in reducing the fee award by an across-the-board percentage reduction.  See, e.g., Jin v. Shanghai Original, Inc., No. 16-CV-5633, 2020 WL 4783399, at *8 (E.D.N.Y. Aug. 18, 2020) (making a 40 percent across-the-board reduction in the number of compensable hours based on

7

poor billing practices and the court's "experience with the Troy Law Firm over the course of this case"); <u>Singh v. Meadow Hill Mobile Inc.</u>, No. 20-CV-3853, 2021 WL 3862665, at *18 (S.D.N.Y. Aug. 29, 2021) ("[T]he Court will employ an across-the-board reduction in the number of hours billed by John Troy of 40 percent.")

<u>First</u>, the declaration and billing sheet fail to provide the requisite information for the Court to properly consider the full amount sought. Plaintiff's submission fails to identify which individuals are attorneys, paralegals, or other staff. The billing sheet merely lists nine different employees: "John Troy13," "Bianca Dano08," "Jonathan Hernandez7," "George Byun08," "Bella Ho3," Aaron Schweitzer04," "Aaron Schweitzer08," "Preethi Kilaru4," and "Tiffany Troy05." While the billing sheet provides a billing rate for these employees, nothing in Plaintiff's submissions provides the necessary relevant information about these individuals such as their title(s)/position(s), bar admission(s), qualifications, or any relevant professional experience for that matter. In addition, Plaintiff's submissions neglect to state the total hours for the individuals on the billing sheet. In short, Plaintiff's submissions are completely deficient. Instead of assisting the Court, Plaintiff's counsel has unnecessarily burdened a rather straightforward task.

This Court's experience is hardly unique. As one district court aptly observed, "[a] treatise worth of case law has emerged about the rates and hours that Troy Law has requested. And courts have balked at the sort of rates requested in this case." <u>Garcia v. Francis Gen. Constr. Inc.</u>, No. 20-CV-4323, 2022 WL 2698434, at *7 (S.D.N.Y. July 12, 2022). Indeed, the Court finds that to be the case here. The rates requested for the attorneys of record, Mr. Troy ($650) and Mr. Schweitzer ($400), are both unsupported and higher than the rates commonly awarded to attorneys of their experience in FLSA cases. <u>See</u> <u>Lin</u>, 2022 WL 2718584, at *6 (E.D.N.Y. June 7, 2022); <u>Won v. Gel Factory, Corp.</u>, No. 20-CV-5269, 2022 WL 903121, at *8 (E.D.N.Y. Jan. 25, 2022) (collecting cases and observing that very few courts provide Troy Law PLLC fees award at the requested

rates), report and recommendation adopted, 2022 WL 903065 (E.D.N.Y. Mar. 28, 2022).  In this District, there appears to be almost near unanimity that Troy Law's rates requested are simply unjustified.  The Court sets a rate of $450 for Mr. Troy and $300 for Mr. Schweitzer, respectively.

Second, it is also clear that the number of hours charged in this matter reflect poor billing practices and/or redundant time.  As one example, Plaintiff's submission indicates that John Troy frequently billed at $650.00 for ministerial tasks that should have been handled by junior attorneys or administrative staff, such as compiling invoices, completing "data entry" calculations, and preparing documents for filing.  (See generally, ECF 173-4.); see also Jianmin Jin v. Shanghai Original, Inc., No. 16-CV-5633, 2020 WL 4783399, at *8 (E.D.N.Y. Aug. 18, 2020)(adopting 40% blanket reduction of Troy Law's billable hours for poor billing judgment); Lu Wan v. YWL USA Inc., No. 18-CV-10334, 2021 WL 1905036, at *7 (S.D.N.Y. May 12, 2021)(reducing Troy Law fee award for improperly billed at attorney rates for administrative tasks).

To account for these myriad deficiencies, and in considering "its own familiarity with this case and its experience with the case and its experience generally as well as [] the evidentiary submissions," Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992), the Court awards fees only to the attorneys of record and thereafter reduces the  compensable hours by a further 30% across the board.  See, e.g., Jin, 2020 WL 4783399, at *8 (making a 40 percent across-the-board reduction in the number of compensable hours based on poor billing practices and the court's "experience with the Troy Law Firm over the course of this case"); Singh, 2021 WL 3862665, at *18 (same in the context of default judgment).  The Court's final determination of the attorney's fee award is below.

| Attorney of Record | Hourly Rate | Total Hours | Fee Amount |
|---|---|---|---|
| John Troy | $450 | 23.275 | 10,473.75 |
| Aaron Schweitzer | $300 | 61.458 | 18,437.40 |

As to costs, Plaintiff seeks $1,704.45 for reimbursement of various out-of-pocket expenses.

9

(ECF No. 173-4 at 11. )   Continuing its parade of shortcomings, Plaintiff fails to provide any supporting documentation for these stated expenses.  See Lu Wan v. YWL USA Inc., No. 18-CV-10334, 2021 WL 1905036, at *9 (S.D.N.Y. May 12, 2021) (stating that "fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs") (quoting Fisher v. SD Protection Inc., 948 F.3d 593, 600 (2d Cir. 2020)); see also Alonso v. New Day Top Trading, Inc., No. 18-CV-4745, 2020 WL 9815184, at *26 (S.D.N.Y. June 29, 2020) (initially denying costs where plaintiffs failed to attached supporting documentation for translator, transcript, and process server fees, among others), report and recommendation adopted, 2021 WL 4691320 (S.D.N.Y. Oct. 7, 2021).  The Court, in its discretion, awards Plaintiff $834.80 for the costs of filing fees, summonses, and transportation.

## II.  CONCLUSION

For the reasons stated above, the Court orders that a judgment be entered awarding Plaintiff: (1) 12,417.64 in NYLL damages, plus prejudgment interest calculated from August, 9 2014 at a 9% annual rate; (2) $13,961.91 in back pay; (3) $15,000.00 in compensatory damages for emotional distress; (4) $28,911.15 in attorney's fees and $834.80 in costs.  The Court orders Defendants to pay Plaintiff post-judgment interest calculated from the date judgment is entered in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961.  The Clerk of Court is directed to prepare a judgment reflecting the Court's holding and close this case.

**SO ORDERED.**

Dated:  September 9, 2022
          Central Islip, New York

_____/s/_____(JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE